## S09Y1462. IN THE MATTER OF R. E. J.
### (683 SE2d 597)

PER CURIAM.

The disciplinary matter is before the Court on the Report and Recommendation of the Review Panel recommending that the disciplinary matter against R. E. J. be dismissed.

In 2007, the Investigative Panel issued a notice of reciprocal discipline based on the Supreme Court of Florida's determination that R. E. J. should receive a public reprimand. See Rule 9.4, Georgia Rules of Professional Conduct, Bar Rule 4-102 (d). However, the Review Panel determined that "it clearly appears from the face [of the Florida disciplinary proceeding] that there was such infirmity of

proof establishing the misconduct as to give rise to the clear conviction that the Review Panel cannot accept as final the conclusion that Respondent violated any disciplinary rules.''

The underlying Florida disciplinary case involved an allegation that R. E. J. backdated two letters he wrote in 1998 to a client regarding the sale of the client's business — the dates on the first pages of the letters were different from the dates in the headers of the second pages of the letters.[1] During the Florida proceedings, R. E. J. produced statements under oath from his legal secretary refuting those allegations. He also presented expert testimony on the subject of computer errors. R. E. J. and the Florida Bar agreed to a Conditional Guilty Plea for Consent Judgment, which led the Florida Supreme Court to direct that R. E. J. receive a public reprimand, the lowest form of discipline available in that proceeding. In the Conditional Plea, R. E. J. agreed that the allegations, if proven, could constitute a disciplinary violation, but also stated that the allegations had been refuted and that he was consenting to the imposition of a public reprimand to resolve the matter without making any admission of misconduct.

Having reviewed the record, we agree with the Review Panel's findings and recommendation. Accordingly, we hereby direct that this matter be dismissed.

*Dismissed. All the Justices concur.*

DECIDED SEPTEMBER 28, 2009.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Beltran & Chandler, Frank J. Beltran, Douglas V. Chandler*, for R. E. J.

[1] The client had filed a grievance in Georgia based on the same two letters, but the Investigative Panel dismissed the grievance in 2005.